# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LATANA CHANDAVONG and NENG HER,**<br><br>**Plaintiffs**<br><br>v.<br><br>**FRESNO DEPUTY SHERIFF'S ASSOCIATION and COUNTY OF FRESNO,**<br><br>**Defendants** | CASE NO. 1:21-CV-0675 AWI EPG<br><br>ORDER ON DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. No. 42) |

This is a dispute between Plaintiffs Latana Chandavong ("Chandavong") and Neng Her ("Her") against their employer Defendant Fresno County ("the County") and Defendant the Fresno Deputy Sheriff's Association ("FDSA"), which is a public sector employee union. Plaintiffs allege that the involuntary collection of vacation hours by the County for the use and benefit of the FDSA violates the First Amendment. Following the severance of this case from the claims of other County employees, the active complaint is the Third Amended Complaint ("TAC"). Currently before the Court is the FDSA's Rule 12(c) motion for judgment on the pleadings. For the reasons that follow, the FDSA's motion will be denied.

## **RULE 12(c) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Gregg v. Department of

1  Public Safety, 870 F.3d 883, 887 (9th Cir. 2017).  The non-moving party's allegations are
2  accepted as true, and all reasonable inferences are drawn in the non-moving party's favor.  See
3  Herrera v. Zumiez, Inc., 953 F.3d 1063, 1068 (9th Cir. 2020); Hines v. Youseff, 914 F.3d 1218,
4  1227 (9th Cir. 2019).  Any allegations made by the moving party that have been denied or
5  contradicted are assumed to be false.  See MacDonald v. Grace Church Seattle, 457 F.3d 1079,
6  1081 (9th Cir. 2006); Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th
7  Cir. 1989).  However, the Court is "not required to accept as true allegations that contradict
8  exhibits attached to the Complaint, or matters properly subject to judicial notice, or allegations
9  that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Seven
10 Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013).  To
11 avoid judgment, "a complaint must contain sufficient factual matter, accepted as true, to state a
12 claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S 662, 678 (2009); Harris v.
13 County of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012).  Complaints that offer no more than
14 "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not
15 do."  Iqbal, 556 U.S. at 678; Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012).  "A
16 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
17 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
18 at 678; see Harris, 682 F.3d at 1131.  "Plausibility" means "more than a sheer possibility," but less
19 than a probability, and facts that are "merely consistent" with liability fall short of "plausibility."
20 Iqbal, 556 U.S. at 678.  Although Rule 12(c) does not mention leave to amend, courts may grant a
21 Rule 12(c) motion with leave to amend.  See Gregg, 870 F.3d at 887, 889; Harris, 682 F.3d at
22 1134.  The court need not grant leave to amend when doing so would be futile and the deficiencies
23 in the complaint could not be cured by amendment.  See Deveraturda v. Globe Aviation Sec.
24 Servs., 454 F.3d 1043, 1046 (9th Cir. 2006); see also Gregg, 870 F.3d at 887; Harris, 682 F.3d at
25 1131.  Further, although Rule 12(c) "does not expressly authorize 'partial' judgments, neither does
26 it bar them; it is common practice to apply Rule 12(c) to individual causes of action."  Mays v.
27 Wal-Mart Stores, Inc., 354 F.Supp.3d 1136, 1141 (C.D. Cal. 2019); Cornejo v. Ocwen Loan
28 Serv'g LLC, 151 F.Supp.3d 1102, 1107 (E.D. Cal. 2015).

## FACTUAL BACKGROUND

From the TAC, the FDSA collects union dues from its members and, prior to July 2018, collected "fair-share service fees" from the wages of non-members. The County assisted the FDSA in collecting these fees by diverting money from its employees to the FDSA at the FDSA's request. The FDSA also collects vacation hours from the County employees that compose the FDSA's bargaining unit. Each year, the FDSA transfers 5.7 hours of vacation time from all County bargaining unit employees to the FDSA president, who uses the hours to conduct union-related business. The FDSA takes 3.5 hours in March and 2.2 hours in September. The County assists the union in collecting these vacation hours by indicating the diversion/deduction of vacation hours on pay stubs as "FDSA Vacation Lv I Bank" and by prohibiting affected County employees from using the vacation hours that were taken by the FDSA.

Her is employed by the Fresno County Sheriff's Department as a community service officer. Her has never been a member of the FDSA, but in February 2016, the FDSA started taking vacation hours from him. Her never consented to the taking of these vacation hours. Following a lawsuit in which Her sued to stop the County and the FDSA from taking his vacation hours, the County restored all vacation hours that were taken after July 2018 (the date that *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S.Ct. 2248 (2018) was decided). It does not appear that the County and the FDSA have taken any further vacation hours after restoring the hours that were taken after July 2018. However, the County and the FDSA have refused to restore the vacation hours taken by the County and the FDSA between February 2016 and July 2018.

Chandavong is employed by the Fresno County Sheriff's Department as a deputy sheriff. Chandavong's union membership was terminated in December 2016. The County and the FDSA continued to collect vacation hours from Chandavong after December 2016. Like Her, the County and the FDSA stopped collecting vacation hours after the filing of a lawsuit, restored all vacation hours taken after July 2018, and do not appear to have taken any further vacation hours, but have not restored the vacation hours taken between December 2016 and July 2018. Chandavong never consented to the taking of the vacation hours taken between December 2016 and July 2018.

1    The FDSA's taking of Her and Chandavong's vacation hours was allegedly not consistent
with the Supreme Court's limitations under *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977).
The FDSA allegedly failed to include any of the necessary procedural safeguards required to
prevent non-union members from subsidizing activities that are not germane to collective
bargaining.  Further, the same amount of vacation hours were taken from each affected County
employee, both FDSA member and FDSA non-member alike.  The vacation hours taken from
non-union employees were not reduced to account for the time that would be spent on activities
that were not germane to collective bargaining activities.

## DEFENDANT'S MOTION

### I. State Action

*Defendant's Arguments*

The FDSA argues that the TAC fails to contain any factual allegations that plausibly demonstrates that the FDSA engaged in "state action."  The FDSA is a private actor, and without plausible allegations that it engaged in "state action," there are no viable § 1983 claims.  Plaintiffs must allege more than that the County simply played a role in taking the vacation hours.  Instead, the allegations must show that the allegedly unconstitutional conduct is fairly attributable to the County.  The TAC contains no factual allegations that would satisfy any of the four tests for state action.  The TAC merely alleges that the County "assisted," but does not include factual allegations that show conduct imposed by a governmental entity.  This allegation at best shows only a ministerial role in the conduct alleged because the County merely reflected the deduction on pre-printed paystubs.

*Plaintiffs' Opposition*

Plaintiffs argue that the TAC plausibly alleges that the FDSA violated 42 U.S.C. § 1983 and the First Amendment.  The TAC repeatedly and specifically alleges that the County and the FDSA acted together in diverting vacation hours.  The TAC describes the diversion as joint activity undertaken by the County and the FDSA together.  The TAC's allegations are sufficient to demonstrate a state policy and a state actor under *Lugar v. Edmondson Oil Co.*, 457 U.S. 922

4

(1982). A state policy is satisfied if there is a rule of conduct imposed by the state. The rule of conduct here is the collective bargaining agreement between the County and the FDSA, which requires the County to implement a union's request for payroll deductions or diversion of vacation hours, as well as the statutes that authorize collective bargaining in the public sector. The state actor requirement is met because the County and the FDSA are engaged in the joint activity of diverting vacation hours – the FDSA asks the County to divert and the County does so. The TAC does not allege merely ministerial conduct by the County. The FDSA's arguments are contrary to *Janus*, which permitted a public-sector union to be sued under § 1983 for diverting wages to non-consenting employees. The FDSA's argument would also permit state employers and public sector unions to divert wages from non-consenting non-members without facing any liability under § 1983. Finally, in *Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020), the Ninth Circuit found no state action because the state of Washington merely enforced a private agreement between state employees and the public sector union. In this case, there is no private agreement between Plaintiffs and the FDSA.

*Legal Standard*

To recover under 42 U.S.C. § 1983, a plaintiff must show: (1) that the defendant deprived the plaintiff of a right secured by either the Constitution or laws of the United States; and (2) the defendant acted under color of state law. Heineke v. Santa Clara Univ., 965 F.3d 1009, 1012 (9th Cir. 2020); Jensen v. Lane Cty., 222 F.3d 570, 574 (9th Cir. 2000). Section 1983 does not apply to merely private conduct, no matter how discriminatory or wrong the private conduct may be. Heineke, 965 F.3d at 1012. A private individual's actions are done under color of law or constitute "state action" only if a "sufficiently close nexus" makes private action treatable as that of a relevant government entity itself. Blum v. Yaretsky, 457 U.S. 991, 1004 (1982); Ballinger v. City of Oakland, 24 F.4th 1287, 1300 (9th Cir. 2022). The state action inquiry boils down to whether the challenged conduct that caused the constitutional deprivation is "fairly attributable" to the state. Belgau v. Inslee, 975 F.3d 940, 946 (9th Cir. 2020). There is a two pronged inquiry for state action: (1) whether the constitutional deprivation resulted from "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person from

5

whom the State is responsible?"; and (2) whether the defendant "may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); see Belgau, 975 F.3d at 946.

*Discussion*

Many post-*Janus* cases have addressed claims against a union and a public sector employer and found no state action when the public sector employer diverts union dues from the plaintiff's paycheck to the union. E.g. Belgau, 975 F.3d at 949; Kurk v. Los Rios Classified Emples. Ass'n, 540 F.Supp.3d 973, 983 (E.D. Cal. 2021). The binding case cited by the FDSA is *Belgau*.

In *Belgau*, the public employees had voluntarily joined a public sector union and had agreed to have the state of Washington collect union dues from the employees' paycheck and forward those dues to the union. E.g. Belgau, 975 F.3d at 945. Following *Janus*, the plaintiffs attempted to resign their union membership and have Washington stop deducting further membership dues from their paychecks. See id. at 946. However, dues continued to be collected until an irrevocable one-year period mandated by a revised membership agreement had expired. See id. The plaintiffs filed suit under § 1983. See id. at 944. The Ninth Circuit found no viable § 1983 claim because the union had not engaged in state action. See id. at 949. In part, *Belgau* found that Washington only ministerially processed payroll deductions pursuant to the plaintiffs' authorization. See id. at 948. Providing the machinery for implementing private agreements by performing an administrative task did not mean that the union and Washington were joint actors. See id. *Belgau* concluded that, "[a]t bottom, Washington's role was to enforce a private agreement. Because the private dues agreements do not trigger state action and independent constitutional scrutiny," there was no viable § 1983 claim against the union. Id. at 949.

*Belgau* has been cited and relied on by numerous district courts to find that a public sector union did not engage in state action when membership dues were collected from the paychecks of union members by a governmental employer. However, the facts of this case are not the same as the facts of *Belgau*. As Plaintiffs correctly point out, the challenged conduct by the FDSA does not involve requests by members to stop the collection of membership dues. Rather, the challenged conduct by the FDSA is the taking of vacation hours from two non-FDSA members, including Her who has never been an FDSA member.

When a public sector union and a governmental employer cause the diversion of funds from a non-member employee's paycheck to the coffers of a union, courts generally find that the union has engaged in state action and joint action with the governmental employer. See Janus v. American Fed. of State, 942 F.3d 352, 361 (7th Cir. 2019) ("*Janus II*"); Warren v. FOP, 2022 U.S. Dist. LEXIS 52598, *17-*18 (N.D. Ohio Mar. 23, 2022); Grossman v. Hawaii Gov't Emples. Ass'n/AFSCME, 2020 U.S. Dist. LEXIS 17866, *18 n.10 (D. Haw. Jan. 31, 2020); Wenzig v. SEIU Local 668, 426 F.Supp.3d 88, 93 n.5 (M.D. Pa. 2019). These courts have found that if a union utilizes a governmental procedural scheme with overt and significant assistance from governmental officials, there is state action under *Lugar* and *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 486 (1988). See Janus, 942 F.3d at 361; Warren, 2022 U.S. Dist. LEXIS 52598 at *17-*18; Grossman, 2020 U.S. Dist. LEXIS 17866 at *18 n.10; Wenzig, 426 F.Supp.3d at 93 n.5.

At least one court has distinguished *Belgau* on the grounds that *Belgau* addressed the collection of union dues from union members by the governmental employer. See Warren, 2022 U.S. Dist. LEXIS 52598 at *21-*23. Further, *Belgau* briefly addressed *Janus II*. See Belgau, 975 F.3d at 948 n.3. The Ninth Circuit explained that the claim at issue was for the deduction of union dues from union members without a waiver, not the deduction of agency fees from non-union members. See id. at 948. The Ninth Circuit cited *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) and parenthetically quoted *Blum* as holding that "state action analysis is aimed at 'the *specific conduct* of which the plaintiff complains.'") (emphasis added by *Belgau*). In a footnote, the Ninth Circuit then stated: "Our conclusion that state action is absent in the deduction and the transfer of union dues does not implicate the Seventh Circuit's analysis on the collection of agency fees. See [Janus II]." Id. at 948 n.3.

In light of *Belgau*'s express holding that *Janus II* is not implicated because a different factual situation is involved, as well as the nature of the claims at issue in this case, the Court finds that *Belgau* and its progeny do not apply to this case. Rather, because this case involves the taking of vacation hours from non-union members by the FDSA through the County, the Court finds that the state action analysis of *Janus II*, *Warren*, *Grossman*, and *Wenzig* applies. Under these cases,

and at this stage in the proceedings, see Hines, 914 F.3d at 1227, the FDSA's conduct with the County in diverting vacation h+ours is sufficient state action for purposes of § 1983. Thus, dismissal of Plaintiffs' § 1983 claim against the FDSA due to the absence of state action is inappropriate.

## II.     Good Faith Defense

*Defendant's Argument*

The FDSA argues that it is entitled to assert the good faith defense for the collection of the vacation hours at issue. Plaintiffs are members of a bargaining unit that is represented by the FDSA, even though they are not members of the FDSA. Until *Janus*, unions were permitted to collect fair share fees from non-union members for collective bargaining activities. The vacation hours at issue are tantamount to pre-*Janus* compulsory agency fees that help finance the FDSA's collective bargaining activities. That is, the vacation hour deductions are indistinguishable in purpose from fair-share fees. Because taking the fair-share fees from non-union members was constitutional pre-*Janus*, the good faith defense recognized by Ninth Circuit applies to pre-*Janus* vacation hours taken.

*Plaintiffs' Opposition*

Plaintiffs argue that the FDSA is not entitled to the good faith defense. That defense only applies if the FDSA can demonstrate that it complied with the strictures of *Abood*. Under *Abood*, the vacation hours could only be used for union activities that are non-ideological and germane to collective bargaining. However, there are no allegations or indications that the vacation hours were appropriately segregated. The same amount of vacation hours were taken from union members and non-union members alike, without any reduction for time that would be spent on non-germane collective bargaining activities. Because the good faith defense is an affirmative defense, the FDSA must plead and prove it. It is not a sufficient basis for dismissal in this case.

*Legal Standard*

On First Amendment grounds, "*Janus* invalidated state agency shop laws requiring nonmembers of a union to pay a fee in support of the union's collective bargaining activities -

activities performed on behalf of union members and nonmembers alike." Interpipe Contracting, Inc. v. Becerra, 898 F.3d 879, 894 n.12 (9th Cir. 2018). *Janus* overruled *Abood*. Janus, 138 S.Ct. at 2486. *Abood* had "held that unions could collect compulsory agency fees from nonmembers to finance their collective bargaining activities, without running afoul of the First and Fourteenth Amendments." Danielson v. Inslee, 945 F.3d 1096, 1097 (9th Cir. 2019). Unions may no longer collect agency fees or any other payments from non-union members in the absence of clear and affirmative consent from the non-union member. Janus, 138 S. Ct. at 2486; In re Google Inc. St. View Elecs Communs. Litig., 21 F.4th 1102, 1118 (9th Cir. 2021). However, for purposes of retroactive relief, if a union's conduct was taken in direct reliance on and is consistent with presumptively valid state laws and binding Supreme Court precedent, the union may successfully utilize a "good faith affirmative defense." Danielson, 945 F.3d at 1097; Clement v. City of Glendale, 518 F.3d 1090, 1096-97 (9th Cir. 2008).

*Discussion*

The allegations in the FAC do not demonstrate that the FDSA is entitled to the good faith defense as a matter of law. In a previous order, the Court expressed concern about whether the vacation hours taken from Plaintiffs were the equivalent of an agency service fee. See Campos v. Fresno Deputy Sheriff's Ass'n, 535 F.Supp.3d 913, 927 (E.D. Cal. 2021). This is particularly true since it appears that Chandavong was charged an agency service fee in addition to having vacation hours taken from him. See Doc. No. 8 at ¶¶ 70, 81; see also FAC ¶ 13. If the vacation hours are not "agency fees" under *Abood*, then a legitimate and lawful basis for collecting the hours would be unclear. Further, *Abood* permitted the collection of compulsory agency fees from non-union members, but the fee was to cover expenses that were germane to collective bargaining activities. See Abood, 431 U.S. at 235; Belgau, 975 F.3d at 945. The FAC alleges that the FDSA collected the same amount of vacation hours from both FDSA members and non-members alike, contrary to *Abood*. See FAC ¶ 21. This appears to be inconsistent with a fee that is to be taken only for activities that are germane to collective bargaining activities. At this stage in the proceedings, and making all reasonable inferences in Plaintiffs' favor, see Hines, 914 F.3d at 1227, the Court cannot hold as a matter of law that the good faith defense applies to the FDSA. Therefore, dismissal of

the § 1983 claims against the FDSA based on the good faith defense is inappropriate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the FDSA's motion for judgment on the pleadings (Doc. No. 42) is DENIED.

IT IS SO ORDERED.

Dated:   April 22, 2022

SENIOR DISTRICT JUDGE